UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

    Plaintiff,

CASE No. 1:17-cv-88

v.

HON. ROBERT J. JONKER

RHONDA RIDER, SCOTT CLINE,
UNKNOWN BRADLEY, and
JOANN BRIDGEFORD,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff says he suffers from a severe hearing impairment that defendants have affirmatively ignored. Defendants move for summary judgment based on Plaintiff's failure to exhaust these claims. Plaintiff filed materials opposing summary judgment but did not directly challenge the defense theory that the only relevant grievance on file–Grievance 147–failed to exhaust his claims against these defendants. Instead, Plaintiff's response to the summary judgment relied on the theory that he had, in fact, attempted to file a grievance against Defendant Rider related to an allegedly improper disclosure of his private health information. According to Plaintiff, his efforts to exhaust on this issue were thwarted. His filings include a copy of the grievance he says he attempted to file.

The Magistrate Judge carefully reviewed the record and concluded that Grievance 147 failed to exhaust any of Plaintiff's claims against any of the Defendants in this case. The Magistrate Judge further concluded, however, that the record created a fact issue on whether Plaintiff had been thwarted in his effort to exhaust claims against Defendant Rider for improperly disclosing his private

health care information in an effort to deprive him of needed care or accommodation for his hearing loss. In the Magistrate Judge's view, Plaintiff was able to state only one legally cognizable claim against Defendant Rider tied to this grievance: namely, an Eighth Amendment claim for deliberate indifference. Accordingly, the Magistrate Judge recommended that the case proceed on this claim only against Defendant Rider; and that all other claims be dismissed.

The Defendants have not objected to this recommendation. Plaintiff filed an Objection, as well as a document entitled "Plaintiff's Motion for Bench Trial Based on Material Dispute Regarding Parties Disputes Pertaining to Exhaustion," and a brief in support. (ECF Nos. 25-27). These filings came after the deadline for objections, but were signed and postmarked within the objection period. Accordingly, the Court will treat the filings as a timely statement of objection to the Report and Recommendation.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the record and agrees with the Magistrate Judge's conclusions and recommendations.  Plaintiff has not submitted any document or argument challenging the Defendants' argument and the Magistrate Judge's conclusion that Grievance 147 is the only potentially relevant grievance on file with the prison, and that it fails to exhaust his claims. Plaintiff's original response to the summary judgment motion doesn't even mention the issue.  Nor do his latter submissions which the Court construes together as being Plaintiff's Objection to the Report and Recommendation.  The only materials of record compel the conclusion that Grievance 147 fails to exhaust any claims against any Defendant in the case.

The record does disclose a material issue of fact over whether Plaintiff attempted to exhaust a claim against Defendant Rider for unlawfully disclosing his private health care information in an effort to deny him appropriate care for his claimed hearing loss.  Defendants note that the prison has no record of any grievance related to this issue, but Plaintiff has submitted an affidavit and supporting materials that, if accepted by a fact finder, show he attempted to exhaust these claims against Defendant Rider but was thwarted in his efforts.  The fact issue precludes summary judgment for the defense on exhaustion.  And to the extent that Plaintiff's Objection is premised on this fact issue, the submissions simply reinforce the conclusion the Magistrate Judge has already reached independently.

The Magistrate Judge goes on to point out in his Report and Recommendation that of the claims Plaintiff arguably attempted to exhaust in this grievance, only one states a potentially cognizable claim:  namely, the Eighth Amendment claim for deliberate indifference to Plaintiff's hearing loss problems.  Plaintiff's Objection does not directly contest this point.  Nor could it

3

because the Magistrate Judge has cited the appropriate authority that eliminates the legal viability of any other claim he attempted to exhaust in the grievance he included with his materials.

The Court observes, as did the Magistrate Judge, that just because the Eight Amendment claim against Defendant Rider proceeds at this stage of the case does not necessarily mean it is ready for trial.[1] There may be reasons other than exhaustion that the claim cannot proceed to trial. But at this point, the defense motion has relied only on exhaustion.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 24) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 16) is **DENIED** with respect to Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Rider for providing inaccurate medical records and **GRANTED** in all other respects.

**IT IS FURTHER ORDERED** that Defendants Cline, Bradley, and Bridgeford are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Bench Trial (ECF No. 26) construed as part of his Objection in this case, is **DENIED.**

---

[1] The Court also observes that Plaintiff has a pending lawsuit in the Eastern District of Michigan where he also claims, in part, that prison officials ignored his hearing impairment. *See Burley v. Michigan Department of Corrections*, Case No. 2:16-cv-10712 (E.D. Mich. filed Feb. 25, 2016). Plaintiff is represented by counsel in that action. All parties might prefer to have the remaining issue in this case transferred to the Eastern District, as a matter of convenience, to the extent there are overlapping factual issues.

**IT IS FURTHER ORDERED** that this action will proceed only as to Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Rider.

Dated:     September 18, 2018          /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE